JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-1900 JGB (KKx)** | Date | November 15, 2023 |
|---|---|---|---|
| Title | *Melissa Rutledge, et al. v. Marriott International, Inc., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Plaintiffs' Motion to File First Amended Complaint and to Remand (Dkt. No. 9); and (2) VACATING the November 20, 2023, Hearing (IN CHAMBERS)

Before the Court are Plaintiff Melissa Rutledge and Plaintiff Stanton Rutledge's Motion to File a First Amended Complaint and to Remand. ("Motion," Dkt. No. 9.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After reviewing and considering all papers filed in support of and in opposition to the Motion, the Court **GRANTS** Plaintiffs' Motion, **REMANDS** this matter, and **VACATES** the November 20, 2023, hearing.

## I. BACKGROUND

On July 11, 2023, Plaintiff Melissa Rutledge and Plaintiff Stanton Rutledge ("Plaintiffs") filed a Complaint in the Superior Court of the State of California for the County of Riverside against Marriott International Inc., J.W. Marriott Desert Springs Resort & Spa, J.W. Marriott Hotels, Marriott Hotels, and numerous Doe defendants (collectively, "Defendants"). ("Complaint," Dkt. No. 1-1.) On September 18, 2023, Defendant Marriott International, Inc. ("Removing Defendant") filed a notice of removal. ("Removal," Dkt. No. 1.)

On October 18, 2023, Plaintiffs filed this Motion.  (Motion.)  Removing Defendant opposed the Motion on October 30, 2023.  ("Opposition," Dkt. No. 11.)  On November 6, 2023, Plaintiffs replied.  ("Reply," Dkt. No. 13.)

## II.  FACTUAL ALLEGATIONS

As Plaintiffs allege nearly identical factual allegations in their Complaint and proposed First Amended Complaint ("FAC"), the Court identifies the few differences below.

The newly proposed defendants include the following:
- Newage Desert Springs, LLC. ("Newage") is a California corporation registered to do business in California and was doing business in Palm Desert, California.  (FAC ¶ 8.)
- Kam Sang Company, Inc. ("Kam Sang") is a California corporation registered to do business in California and was doing business in Palm Desert, California.  (FAC ¶ 9.)[1]

### A.  Allegations in Both the Complaint and FAC

The Complaint and FAC allege that Defendants owned, designed, constructed, possessed, supervised, modified, operated, worked upon, repaired, managed, maintained, inspected, and/or controlled the premises named the J.W. Marriott Desert Springs Report and Spa in the City of Palm Desert, in the County of Riverside.  (FAC ¶ 22.)  Plaintiffs were guests of the premises and were lawfully on the property.  (Id. ¶ 23.)  While Plaintiffs were in the pool at the premises, a gust of wind lifted a nearby umbrella and blew it at Plaintiff Melissa Rutledge, striking her on the head—the umbrella was not secured to a base and was lifted by moderate winds.  (Id. ¶ 24.)  As a direct and proximate result of the incident, Plaintiff Melissa Rutledge sustained injuries to her head and neck and was rushed to a nearby healthcare facility.  (Id. ¶ 25.)  Her injuries and treatment are ongoing.  (Id.)

There were no warning signs, barriers, or other mechanisms that were designed to protect Plaintiff Melissa Rutledge, that would have prevented Plaintiff Melissa Rutledge from entering the area where she was injured, or that that would have prevented Plaintiff Melissa Rutledge from suffering the injuries and damages she sustained.  (Id. ¶ 26.)

The Complaint alleges three causes of action, each brought against all Defendants, named and unnamed: (1) negligence; (2) premises liability; and (3) loss of consortium.  (Id.)

//

---

[1] The Court notes that Plaintiff's proposed First Amended Complaint appears to duplicate paragraphs 8 and 9, naming proposed Defendant Newage Desert Springs, LLC twice and failing to name proposed Defendant Kam Sang Company.  (FAC ¶¶ 8-9.)  The Court assumes that paragraph 9 is meant to name proposed Defendant Kam Sang Company.

### B. Allegations in *Only* the FAC

Plaintiffs' FAC corrects the date of the incident giving rise to this action from September 9, 2023, to September 18, 2023. (Complaint ¶ 19; FAC ¶ 22.) The FAC also substitutes Defendants J.W. Marriott Desert Springs Resort & Spa, J.W. Marriott Hotels, and Marriott Hotels with Marriott Hotel Services, Inc., Defendant Doe 1 with Newage, and Defendant Doe 2 with Kam Sang. (Motion at 4; FAC.)

### III. LEGAL STANDARD

### A. Joinder After Removal

After removal, if a plaintiff "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit holds "'[t]his policy is to be applied with extreme liberality.'" Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). The Ninth Circuit considers five factors when considering a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) the futility of amendment, and (5) whether the plaintiff has previously amended his or her complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). "The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co., 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009) (citing Eminence Capital, 316 F.3d at 1052; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186-87 (9th Cir. 1987)).

However, some courts in this circuit have found that "the permissive amendment under Rule 15(a) does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant." Chan v. Bucephalus Alternative Energy Group, LLC, 2009 WL 1108744, at *3 (N.D. Cal. 2009) (citing Bakshi v. Bayer Healthcare, LLC, 2007 WL 1232049, at *2 (N.D. Cal. 2007)). These courts consider the following six factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002).

//

### B. Diversity Jurisdiction

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Jackson v. Specialized Loan Servicing, LLC, No. CV 14-05981 MMM PLAX, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson, 2014 WL 5514142, at *6. Doubts as to removability must be resolved in favor of remanding the case to state court. Id. (citations omitted).

## IV. DISCUSSION

### A. Motion to File First Amended Complaint

Removing Defendant does not oppose correcting the date of the incident or replacing Defendants J.W. Marriott Desert Springs Resort & Spa, J.W. Marriott Hotels, and Marriott Hotels with Defendant Marriott Hotel Services, Inc. (Opposition at 2.) Removing Defendant opposes the joinder of proposed Defendants Newage and Kam Sang.[2] (Id.) As such, the Court analyzes only the proposed joinder of Newage and Kam Sang as Defendants. After considering the following six factors, the Court **GRANTS** Plaintiffs' Motion to File First Amended Complaint.

//
//
//

---

[2] Removing Defendant also opposes the continued inclusion of Defendant Marriott International Inc. ("MII") in the FAC, but Plaintiffs' original Complaint included MII as a Defendant and Plaintiffs do not seek to remove or substitute MII now. (Opposition; Complaint.) Though courts can deny joinder of parties added "after the initial complaint is filed and removal occurs," Plaintiffs, in their initial complaint, are "entitled to join claims against almost any parties they wish." Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1022-23 (C.D. Cal. 2002). Accordingly, the Court does not address the propriety of MII's inclusion.

1. **Necessary Parties Under Rule 19(a)**

   The Court finds that Newage and Kam Sang are necessary parties under Rule 19(a). A "necessary party" under Rule 19 is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." See CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 805, 912 (9th Cir. 1991) (citation omitted). The Ninth Circuit explains such a rule requires joinder for a party when "complete relief" cannot be accorded without such joinder or that disposing of the action without the joined party may: (i) impede that person's ability to protect their interest; or (ii) leave an existing party at risk of incurring multiple or inconsistent obligations. See Fed. R. Civ. P. 19(a); Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983).

   Courts do not grant joinder of non-diverse defendants "where those defendants are only tangentially related to the cause of action or would not prevent complete relief." IBC Aviation Services, Inc., 125 F. Supp. 2d at 1012 (N.D. Cal. 2000) (citing Red Buttons v. National Broadcasting Co., 858 F. Supp. 1025, 1027 (C.D. Cal. 1994)). The proposed Defendants Newage and Kam Sang are more than "tangentially related" to the action here. Under California law, a landlord has a non-delegable duty of care to maintain property in a safe condition, and defendants can be liable for injuries on land they "own, possess, or control." Srithong v. Total Investment Co., 23 Cal. App. 4th 721, 726 (1994); Alcarez v. Vece, 14 Cal. 4th 1149, 1162 (1997). Plaintiffs allege that Newage and Kam Sang "owned, designed, constructed, possessed, supervised, modified, operated, worked upon, repaired, managed, maintained, inspected, and/or controlled the premises" where Plaintiff Melissa Rutledge's injury occurred. (FAC ¶ 22.) A declaration submitted by Removing Defendant acknowledges that "Newage is technically the entity that owns the Hotel" and that Newage may "be related to another entity known as [Kam Sang]." ("Lytle Decl.," Dkt. No. 12 ¶ 4.)

   As such, despite Removing Defendant's contentions that Newage and Kam Sang did not manage the premises and were not involved in the operation of the pool umbrellas, the entities still have an "interest in the controversy" as possible owners of the premises. See CP Nat'l Corp., 928 F.2d at 912. Disallowing the joinder of Newage and Kam Sang would impede Plaintiffs from protecting their interests—Plaintiffs are entitled to name the responsible parties in their premises liability and other claims, including the premises owners. This factor weighs in favor of amendment.

2. **Statute of Limitations**

   The statute of limitations in California for personal injury claims is two years. Cal. Code Civ. Proc. § 335.1. The alleged incident occurred on September 18, 2021. (FAC ¶ 22.) The statute of limitations therefore expired on September 18, 2023, which Defendant does not dispute in its Opposition. (See generally Opposition.) The expired statute of limitations may preclude an action against Newage and Kam Sang in state court. As such, this factor weighs in favor of amendment.

3. **Unexplained Delay**

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (finding amendment less than six weeks after complaint to be timely). Here, Plaintiffs seek to amend their Complaint one month after removal and three months after the Complaint was filed. Plaintiffs acted in a timely fashion and did not unreasonably delay the amendment. See IBC Aviation Services, Inc., 125 F. Supp. 2d at 1012 (finding an amendment was timely when it was filed one month after removal and two months after the complaint). Removing Defendant does not dispute the timeliness of the amendment. (See generally Opposition.) Accordingly, this factor weighs in favor of amendment.

4. **Motive for Joinder**

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." Desert Empire Bank v. Ins. Co. of N. America, 623 F.2d 1371, 1376 (9th Cir. 1980). Removing Defendant contends that Plaintiffs fraudulently aim to join Newage and Kam Sang as sham defendants, solely to defeat diversity jurisdiction. (Opposition at 8.) Removing Defendant's sole arguments in support of this proposition are that Plaintiffs never made any "prior efforts to name or serve the property owner Defendant Newage," and that there are "no colorable grounds for seeking a joint judgment" against Newage or Kam Sang. (Id.) As this Court has already discussed, Plaintiffs have legal grounds for seeking judgment against Newage or Kam Sang as owners of the premises where the alleged injury occurred. Moreover, as Plaintiffs argue, the original Complaint named Doe Defendants in anticipation of future amendments when the correct parties were ascertained. (Complaint.)

The Court also notes that "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." IBC Aviation Services, Inc., 125 F. Supp. 2d at 1012. The Court therefore "declines to impute an improper motive to Plaintiff[s] simply because" they seek to add non-diverse defendants post-removal. Id.

5. **Validity of the Claims Against the New Defendants**

Plaintiffs' claims against Newage and Kam Sang, as possible premises owners, appear to be viable. To state a facially viable claim for purposes of joinder under section 1447(e), a plaintiff need not allege a claim with particularity or even plausibility. Instead, "under section 1447(e), the Court need only determine whether the claim 'seems' valid." Freeman v. Cardinal Health Pharmacy Servs., LLC, 2015 WL 2006183, at *3 (E.D. Cal. May 1, 2015) (quoting Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1174 (E.D. Cal. 2011)); see also Sabag v. FCA US, LLC, No. 2:16-cv-06639-CAS(RAOx), 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016) ("In considering the validity of plaintiff's claims, the [c]ourt need only determine whether the claim

seems valid which is not the same as the standard in either a motion to dismiss or a motion for summary judgment.") (internal quotations omitted).

Here, Plaintiff seeks to assert three causes of action against all Defendants: (1) negligence; (2) premises liability; and (3) loss of consortium. (FAC.) Under California law in a negligence action, a landlord has a non-delegable duty of care to maintain his or her property in a safe condition. Srithong, 23 Cal. App. 4th at 726. In a premises liability action, defendants can be liable for injuries they "own, possess, or control." Alcarez, 14 Cal. 4th at 1162. Plaintiffs' loss of consortium claim is derivative of their negligence and premises liability claims. See Mangiaracina v. BNSF Railway Company, No. 16-cv-05270-JST, 2019 WL 1975461, at *20 (N.D. Cal. Mar. 7, 2019). As such, Plaintiffs' claims against Newage and Kam Sang, as possible owners of the premises where the alleged injury occurred, appear valid.

### 6. Prejudice to Plaintiff

Finally, denying amendment may prevent Plaintiffs from pursuing their potential claims against Newage and Kam Sang, as the statute of limitations for this action has expired. Allowing amendment will not prejudice Defendants as discovery has not yet begun and the action is relatively new. See IBC Aviation Services, Inc., 125 F. Supp. 2d at 1013 (finding amendment did not prejudice defendants when discovery had not yet begun). This factor weighs in favor of amendment.

Considering the above factors, the Court finds amendment is warranted. Newage and Kam Sang are necessary parties with facially valid claims against them, Plaintiffs did not unreasonably delay amendment, and Plaintiffs would be prejudiced by the denial of leave to amend. Accordingly, the Court **GRANTS** the Motion to File First Amended Complaint.

### B. Motion to Remand

Having determined that leave to amend is warranted, the Court finds that Plaintiffs' FAC will destroy complete diversity and necessitate remand to the state court from which the action was removed. Plaintiffs allege that Newage and Kam Sang are California corporations registered to do business in California, which Removing Defendant does not dispute. (FAC ¶¶ 8-9; Opposition.) Both Plaintiffs reside in Los Angeles County, California. (FAC ¶¶ 1-2.) Newage and Kam Sang, as corporations, are treated as citizens of the state in which they are incorporated and the state in which their principal place of business is located. Danjaq, S.A. v. Pathe Commc'ns Corp., 979 F.2d 772 (9th Cir. 1992). Plaintiffs, as individuals, are citizens of the state in which they are domiciled. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). As such, Newage, Kam Sang, and Plaintiffs are citizens of the same state, and complete diversity does not exist.

Accordingly, the Court **GRANTS** the Motion to Remand.

## V.  CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiffs' Motion and **REMANDS** this action to the California Superior Court, County of Riverside.  The November 20, 2023 hearing is **VACATED**.

**IT IS SO ORDERED.**